**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-484-RJC
(3:08-cr-217-RJC-1)**

| | |
|---|---|
| **DONALD RUSSELL SANDERS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, (Doc. No. 1), that alternatively seeks relief pursuant to 28 U.S.C. § 2241. Also pending is Respondent's Motion for Extension of Time, (Doc. No. 10), in which to file a Response to Petitioner's request for § 2241 relief.

**I.   BACKGROUND**

Petitioner was indicted in the underlying criminal case for: Count (1), unlawful possession of a firearm and/or ammunition by a convicted felon (18 U.S.C. §§ 922(g)(1), 924(e)); Count (2) knowingly and intentionally possessing with intent to distribute marijuana (21 U.S.C. §§ 841(a)(1), 841(b)(1)(D)); and Count (3), possession of a firearm during and in relation to a drug trafficking crime (18 U.S.C. § 924(c)(1)). (3:08-cr-217, Doc. No. 3). Petitioner pled guilty to Counts (1) and (2). See (Id., Doc. Nos. 15, 16).

The Presentence Investigation Report ("PSR") scored the base offense as 24 for a violation of 18 U.S.C. § 922(g). (Id., Doc. No. 22 at ¶ 15). Four levels were added because Petitioner used or possessed the firearm and/or ammunition in connection with another felony offense. (Id., Doc.

1

No. 22 at ¶ 16). However, Petitioner was found to qualify for enhanced sentencing under the Armed Career Criminal Act ("ACCA") pursuant to 18 U.S.C. § 924(e) and a career offender pursuant to U.S. Sentencing Guidelines § 4B1.4 based on prior convictions in North Carolina Superior Court: sale of cocaine (88CRS35216-01); sale and delivery of cocaine (98CRS37296, 37298, 37300, 37302); breaking and/or entering (04CRS235232); and in South Carolina General Sessions Court for: second-degree burglary (04-GS-13-1921). (Id., Doc. No. 22 at ¶ 22). Petitioner's offense level as an armed career criminal and career offender was 34. (Id., Doc. No. 22 at ¶¶ 22, 29). Three levels were deducted for acceptance of responsibility resulting in a total offense level of 31. (Id., Doc. No. 22 at ¶¶ 31, 32). The PSR's criminal history section scored 14 criminal history points and a criminal history category of VI. (Id., Doc. No. 22 at ¶¶ 61, 62). The criminal history category for armed career criminals and career offenders is also VI. (Id., Doc. No. 22 at ¶ 63). Based on Petitioner's ACCA enhancement, his statutory minimum sentence was 15 years and the maximum was life. (Id., Doc. No. 22 at ¶ 100). Based on a total offense level of 31 and a criminal history category of VI, the guidelines range was calculated to be 188 to 235 months' imprisonment, and supervised release of at least three years but not more than five years for Count (1) and not less than two years for Count (2). (Id., Doc. No. 22 at ¶¶ 103, 104).

The Court adopted the PSR and only amended it with regards to the dates that Petitioner spent in state custody on related charges. See (Id., Doc. No. 26). The Court sentenced Petitioner in a judgment docketed on November 11, 2009 to the minimum advisory Guideline sentence of 188 months' imprisonment for Count (1) and 60 months' imprisonment for Count (2), concurrent, followed by a total of five years of supervised release. (Id., Doc. No. 25). Petitioner did not appeal.

Petitioner filed a *pro se* § 2255 Motion to Vacate on October 29, 2010, arguing that counsel provided ineffective assistance and that the indictment was defective, case number 3:10-cv-567.

2

See (3:08-cr-217, Doc. No. 30). The Court denied relief on the merits on March 27, 2014. (Id., Doc. No. 37). The Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed Petitioner's appeal. United States v. Sanders, 577 Fed. Appx. 160 (4th Cir. 2014).

Petitioner filed the instant petition through counsel on June 24, 2016 seeking relief under § 2255 and alternatively § 2241,[1] arguing that his sentence for Count (1) exceeds the statutory maximum for that offense because he does not qualify as an armed career criminal. Specifically, Petitioner argues that his South Carolina burglary conviction is not a predicate felony pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015), and that his North Carolina drug convictions are not predicates under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (*en banc*). Therefore, Petitioner concludes, he does not have three or more qualifying predicate offenses and his 188-month sentence exceeds the applicable 10-years statutory maximum. He seeks resentencing pursuant to the non-enhanced guideline range of 110 to 137 months' imprisonment.

These proceedings were stayed pending United States v. Wheeler. See (Doc. No. 7), and Wheeler is now final. Id., 886 F.3d 415 (4th Cir. 2018), *cert. denied* 139 S.Ct. 1318 (2019).

Petitioner has filed a Supplemental Memorandum in Support of 2241 Motion, (Doc. No. 9), arguing that Petitioner is entitled to relief under Wheeler and Simmons. Petitioner argues that his three North Carolina drug convictions do not qualify as ACCA predicates because they do not carry a maximum term of imprisonment of 10 years or more. The state court judgments reveal that the presumptive sentence for each offense was less than 10 years and the state court did not find any aggravating factors. Therefore, three of Petitioner's five predicates do not qualify under

---

[1] The Fourth Circuit denied authorization to file a second or successive § 2255 Motion to Vacate, finding that the holding in Johnson would entitle Petitioner to no relief. (3:08-cr-217, Doc. No. 42). Petitioner subsequently conceded that he could only proceed under § 2241. (Doc. No. 3).

Simmons and he is entitled to § 2241 relief under Wheeler for a statutory sentencing error.

The United States has filed a Response conceding that Petitioner's Simmons claim should be granted pursuant to § 2241 and Wheeler, and that Petitioner should be resentenced on Count (1) because he does not qualify as an armed career criminal.[2] (Doc. No. 11).

**II.    DISCUSSION**

Section 2255 is inadequate and ineffective to test the legality of a sentence under the "savings clause" when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. 28 U.S.C. § 2255(e); United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018), *cert. denied*, 139 S.Ct. 1318 (2019).

Petitioner previously filed a § 2255 Motion to Vacate that was denied on the merits, the Fourth Circuit denied permission to file a second or successive petition under § 2255(h), and Petitioner is alleging that he is entitled to relief under a retroactive change in the law because his sentence exceeds the statutory maximum. Section 2255 is therefore inadequate or ineffective to address the alleged fundamental sentencing error and that error is thus cognizable under the § 2241 pursuant to § 2255(e)'s savings clause. Wheeler, 886 F.3d 415. The Court will therefore consider the merit of Petitioner's sentencing claim pursuant to § 2241.[3] Id.

---

[2] The United States' Motion for an Extension of Time to file its Response, (Doc. No. 10), will be granted insofar as the Response is accepted as timely filed.

[3] The Court concludes that it has venue over this § 2241 petition. Although Petitioner is presently incarcerated at FMC Fort Worth in Fort Worth, Texas, the Government has failed to object to venue and the Court therefore deems

The parties assert that Petitioner does not qualify as an armed career criminal and that he should be resentenced within the 10-year statutory maximum for Count (1) pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

They further stipulate and the Court agrees that Petitioner's prior North Carolina drug convictions do not reflect a finding of any aggravated circumstances and therefore the presumptive sentencing range below 10 years' imprisonment applies to these offenses. See (Doc. Nos. 9-1, 9-2, 9-3). Therefore, Petitioner's North Carolina drug trafficking convictions are not "serious drug offenses" for purposes of ACCA and Petitioner lacks three prior qualifying convictions to support his enhanced sentence.

Without the ACCA enhancement, Petitioner would have faced a statutory maximum sentence of 10 years' imprisonment for Count (1). Petitioner's 188-month sentence for Count (1) exceeds the statutory maximum for that offense and that sentence will therefore be vacated. Petitioner will be resentenced within the applicable 10-year statutory maximum at the Court's earliest convenience.

### III. CONCLUSION

For the foregoing reasons, Petitioner's § 2255 Motion to Vacate that alternatively seeks habeas corpus relief pursuant to 28 U.S.C. § 2241 is granted. Petitioner's 188-month sentence for Count (1) is vacated and Petitioner's criminal case shall be placed on the Court's calendar for resentencing as soon as practicable. Petitioner shall remain in the custody of the Bureau of Prisons pending resentencing, which will be scheduled by separate order.

---

the issue to be waived. See Rumsfeld v. Padilla, 542 U.S. 426, 442-43, 434 n.7 (2004) ("jurisdiction" in the context of § 2241(a) traditionally lies in the district of confinement, but is distinct from subject-matter jurisdiction); Kanai v. McHugh, 638 F.3d 251, 258 (4th Cir. 2011) (§ 2241(a) refers to either venue or personal jurisdiction, both of which are subject to waiver).

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, (Doc. No. 1), that alternatively seeks habeas corpus relief pursuant to 28 U.S.C. § 2241 is **GRANTED**.

2. Petitioner's 188-month sentence for Count (1) is **VACATED**.

3. Petitioner shall be resentenced in accordance with this Order.

4. Respondent's Motion for Extension of Time, (Doc. No. 10), is **GRANTED** insofar as the Response, (Doc. No. 11), is accepted as timely filed.

5. The Clerk is directed to certify copies of this Order to the Petitioner, counsel for the Petitioner, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: May 22, 2019

Robert J. Conrad, Jr.
United States District Judge