IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08-CR-00217-RJC

| | |
|---|---|
| USA ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| DONALD RUSSELL SANDERS ) | |
| ) | |

**THIS MATTER** is before the Court upon joint motion of the parties for a reduced sentence without a hearing following vacatur of the defendant's sentence pursuant to 28 U.S.C. § 2241. (Doc. No. 48).

The defendant was originally sentenced as an armed career criminal and career offender to a total of 188 months' imprisonment for violating 18 U.S.C. § 922(g)(1) and 21 U.S.C. § 841(a)(1) and (b)(1)(D). (Doc. No. 25: Judgment at 1-2; Doc. No. 45: Order at 2). However, following United States v. Wheeler, 886 F3d 415, 429 (4th Cir. 2018), cert. denied, 139 S. Ct. 1318 (2019), the Court vacated the armed career criminal sentence based on a finding that prior convictions were no longer valid predicates in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). (Doc. No. 45: Order at 5).

The defendant now faces a statutory maximum of 180 months and an advisory guideline range of 110 to 137 months. (Doc. No. 46: Supplement to Presentence Report at 4-5). The Bureau of Prisons credits the defendant with serving approximately 152 months, with no disciplinary actions and completion of self-improvement and drug treatment programs. (Id. at 6). The parties seek a total aggregate sentence of 152 months without a sentencing hearing. (Doc. No. 48:

Motion at 1).  Accordingly, the Court finds that the proposed sentence is sufficient, but not greater than necessary, to achieve the purposes of sentencing in 18 U.S.C. §3553(a).

**IT IS, THEREFORE, ORDERED** that the parties' motion, (Doc. No. 48), is **GRANTED** and the defendant's sentence of imprisonment on each count is reduced to the time served, plus up to ten days for the BOP to process his release, followed by 3 years' supervised release on each count to run concurrently.

**IT IS FURTHER ORDERED** that, if the defendant is released from imprisonment without a residential plan accepted by the United States Probation Office (USPO), he shall submit to the local Residential Reentry Center for a period not to exceed 90 days, with work release, at the direction of the USPO, as a condition of supervised release.  All other conditions remain unchanged.

The Clerk is directed to certify copies of this Order to the defendant, counsel for the defendant, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: June 25, 2019

Robert J. Conrad, Jr.
United States District Judge